PERRY *v.* BEDELL *et al.*

*(Supreme Court, General Term, Second Department.* February 11, 1891.)

FRAUDULENT CONVEYANCES—EVIDENCE.

> In an action to set aside certain deeds as in fraud of the grantor's creditors, it appeared that on September 14, 1870, the grantor executed a deed to one T., who on

the following day executed a deed to the grantor's wife. Both deeds were acknowledged on September 15, 1870, but they were not recorded until 1888, after plaintiff's debt was contracted. They were written on forms printed by one G., "168 Nassau St.," and it appeared that in 1870 G.'s place of business was at 158 Nassau street, whence he removed to 168 Nassau street in 1873. The grantor died in 1877. The deeds were voluntary, and there was no change of possession, but at the time of their execution, and when plaintiff's debt was contracted, the grantor had other property sufficient to pay all his debts. *Held*, that the finding that the deeds were executed without fraudulent intent, and that the grantor obtained no credit by virtue of his possession of the land conveyed, would not be disturbed.

Appeal from special term, Westchester county.

Action by Joseph Perry against Euphemia W. Bedell and others to set aside a deed executed by James W. Bedell to Thomas B. Bedell, dated September 14, 1870, and by Thomas B. Bedell and wife to Euphemia W. Bedell, the wife of James W. Bedell, dated September 15, 1870; both deeds being certified as having been acknowledged on the latter day. Both deeds were written on blanks bearing the name of "W. Reid Gould, Law Blank Publisher and Stationer, 168 Nassau St.," and it appeared that in 1870 Gould had his place of business at 158 Nassau street, whence he removed to No. 168 on said street in 1873. · The complaint was dismissed, and plaintiff appeals.

Argued before BARNARD, P. J., and PRATT, J.

*E. C. Neil*, for appellant. *Frost & Manser*, for respondents James W. Bedell and Euphemia W. Bedell. *L. B. Treadwell*, for respondent Julia C. Bedell.

PRATT, J. This case involves little but a question of fact. The vital issue was whether the conveyance in question was made to hinder, delay, and defraud creditors; and the judge who tried the case, and saw and heard the witnesses testify, was in a better position to judge of their credibility than the court at general term. We cannot say that this finding is so clearly against the weight of evidence as to require a reversal; indeed, the judge might well have found that the conveyance had a sufficient consideration to support it in the acknowledged debt due from the defendant to his wife. The point that the deed could not have been made at the time it bears date is rightfully disposed of upon the evidence. The defendant and his wife and son each swear positively that it was made in 1870; and that is supported by the fact that it was then acknowledged. The recollection of the before-named witnesses seems clear, specific, and reasonable, and it is matter upon which they could not be honestly mistaken; besides, the notary, who, so far as appears, was a stranger to all the parties, could not have dated the acknowledgment back without committing the crime of forgery. We think it much more reasonable that by some mistake the figure "6" was inserted in the imprint instead of the figure "5," or that there was a mistake in the removal of Gould from 158 to 168 Nassau street. That the deed was not recently made is proved by the fact that Thomas Bedell died in 1877. The defendant, however, seems to concede that the conveyance was voluntary, and the court has so found, and such must now be assumed to be the fact; but that does not render the conveyance void, unless it was made with fraudulent intent. *Carr* v. *Breese*, 81 N. Y. 584; *Van Wyck* v. *Seward*, 6 Paige, 62; *Babcock* v. *Eckler*, 24 N. Y. 623. It is unnecessary to quote cases upon this point, as it is too well settled to require citation or comment. The judge who tried the case has found that at the time of the said conveyance the defendant had ample property to pay all his debts; and from the proof we cannot see how he could have found in any other way. It is claimed that the defendant remained in the possession of the property after the sale. That might be regarded as a badge of fraud, was it not for the fact that his wife was the owner. It is also claimed that the deed was not recorded, and that defendant Bedell remained as the ostensible owner, and gained credit thereby; but the trial court has held, under all the circumstances, that there was no intent to defraud, and that no credit was

fraudulently obtained thereby.  We think the case was decided correctly; but as the plaintiff had sufficient apparent grounds to bring his action, and there are some features of hardship in the case, the affirmance must be without costs.